IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**MARK HOVERSON**,
individually and on behalf of
all those similarly situated,

        Plaintiff,

                              Case No.: 18-cv-817

      v.

**PAN-O-GOLD BAKING COMPANY**
c/o CT Corporation System
301 S. Bedford St., Ste. 1
Madison, WI 53703

        Defendant.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**PRELIMINARY STATEMENT**

1.    This is a collective and class action brought by Individual and Representative Plaintiff, Mark Hoverson ("Plaintiff"), on his own behalf and on behalf of the members of the proposed classes identified below. During the three years preceding this lawsuit, Plaintiff was employed by Pan-O-Gold Baking Company ("Defendant") as a Production Supervisor for Defendant. During his employment, Plaintiff was denied regular and overtime wages under an illegal pay policy. Under this policy, Plaintiff and other similarly-situated employees were required to don and doff protective sanitary uniforms before and after their shifts without compensation. The donning and doffing of these uniforms was required for Defendant's compliance with federal Food and Drug Administration ("FDA") regulation and is therefore an

integral and indispensable part of their primary job duty. Plaintiff and putative class and collective class members (defined below) are similarly situated under the Fed. R. Civ. P. 23 and the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) as they commonly suffered, and continue to suffer, wage losses as a result of Defendant's illegal pay policy.

## JURISDICTION AND VENUE

2. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq.* The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court for the Western District of Wisconsin because Defendant operates a facility in this district and because the events giving rise to these claims occurred in this district.

## PARTIES

4. Plaintiff, Mark Hoverson, is an adult resident of Waterloo, Wisconsin. Plaintiff was employed as a Production Supervisor by Defendant at all times during the three years preceding this Complaint. Plaintiff was classified as FLSA non-exempt in this position and paid hourly wages, including overtime wages. Plaintiff has consented in writing to assert claims for overtime wages under the FLSA. His consent form is filed as Exhibit A.

5. Defendant, Pan-O-Gold Baking Company, is a domestic business with its principal place of business in St. Cloud, Minnesota. Defendant is an enterprise

engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1). Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

6. Throughout the three years preceding the filing of this Complaint, Plaintiff and putative class members are or were employed by Defendant as operators, sanitation employees, maintenance employees, and production supervisors.

7. Throughout the three-year period preceding the filing of this Complaint, Plaintiff and putative class members were classified by Defendant as non-exempt from overtime wages.

8. Throughout the three-year period preceding the filing of this Complaint, Plaintiff and putative class members were required to don and doff protective sanitary uniforms before the start and after the end of their shifts without compensation. These protective sanitary uniforms are kept on Defendant's site, and Plaintiff and putative class members are required to wear these protective sanitary uniforms in order to perform their job duties within Defendant's factory and in compliance with FDA regulations. Plaintiff and putative class members were not compensated until after donning their protective sanitary uniforms and punching the time clock, and then must clock out prior to doffing their uniforms.

9. Plaintiff brings this action on behalf of himself and on behalf of other similarly-situated employees, pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly-situated employees is defined as:

3

>All persons who have been or are employed by Pan-O-Gold Baking Company at its Sun Prairie, Wisconsin facility as FLSA-non-exempt production supervisors, operators, sanitation employees, and/or maintenance employees at any time during the past three years, and who performed uncompensated work, including work over 40 hours a week, because they were required to don and doff uniforms without compensation.

10. Plaintiff brings this action on behalf of himself and on behalf of all other similarly-situated employees, pursuant to Fed. R. Civ. P 23. The **Unpaid Wage Class** is defined as:

>All persons who have been or are employed by Pan-O-Gold Baking Company at its Sun Prairie, Wisconsin facility as FLSA-non-exempt production supervisors, operators, sanitation employees, and/or maintenance employees at any time during the past two years, and who were required to don and doff protective sanitary uniforms without compensation.

## CLASS ALLEGATIONS

11. Plaintiff brings the Second Claim for Relief on his own behalf and on behalf of the Unpaid Wage Class, as defined in paragraph 11, *supra*, pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

12. The persons in the Unpaid Wage Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than 200 people who satisfy this class definition.

13. There are questions of law and fact common to the Unpaid Wage Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

> (a) Whether Defendant maintained a common practice and policy of unlawfully failing to pay wages to Plaintiff and members of the putative class for time spent donning and doffing protective sanitary uniforms required for the performance of their primary duty;
>
> (b) Whether Defendant maintained a common practice and policy of unlawfully failing to pay overtime wages to Plaintiff and members of the putative class for time spent donning and doffing protective sanitary uniforms required for the performance of their duty;
>
> (c) The nature and amount of compensable work performed by Plaintiff and members of the putative class;
>
> (d) The proper measure of damages sustained by Plaintiff and members of the putative class.

14. Plaintiff's claims are typical of those of the Unpaid Wage Class. Plaintiff, like other members of the Unpaid Wage Class, was subjected to Defendant's illegal pay policy and practice resulting in a wage loss, including Defendant's policy of refusing to pay regular and overtime wages for compensable time worked in violation of Wisconsin law.

15. Plaintiff will fairly and adequately protect the interests of the Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

16. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant, particularly those with relatively small claims.

17. Class certification of the Second Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Unpaid Wage Class predominate over any questions affecting only individual members of the Unpaid Wage Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policy and practice denied the Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

18. Plaintiff intends to send notice to all members of the Unpaid Wage Class to the extent required by Fed. R. Civ. P 23.

### FIRST CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

19. Plaintiff, individually and on behalf of the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

20. Plaintiff and members of the Collective Class are/were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

21. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less that one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

22. During the applicable statute of limitations up to and continuing through the present, Plaintiff and members of the Collective Class performed work in excess of 40 hours per week without receiving overtime compensation, including time spent donning and doffing protective sanitary uniforms for the performance of their primary duties.

23. These practices violate the FLSA, including, but not limited to, 29 U.S.C. §§ 206 and 207. Because of these violations, Plaintiff and members of the Collective Class have suffered and continue to suffer wage loss.

24. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and members of the Collective Class overtime and minimum wages in violation of the FLSA.

SECOND CLAIM FOR RELIEF:
FAILURE TO PAY WAGES IN VIOLATION OF WISCONSIN LAW

25. Plaintiff, individually and on behalf of the Unpaid Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

26. The foregoing conduct, as alleged, violates, Wis. Stat. §§ 103.02 and 109.03, and Wis. Admin. § DWD 274.03.

27. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

28. At all relevant times, Plaintiff and members of the putative Unpaid Wage Class were Defendant's employees within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

29. Wisconsin law requires an employer to pay overtime compensation to all non-exempt employees. Wis. Stat. §103.02; Wis. Admin. § DWD 274.03.

30. Wisconsin law requires employers to pay all wages earned by a day not more than 31 days prior to the date of payment. Wis. Stat. § 109.03.

31. Plaintiff and members of the Unpaid Wage Class are not exempt from the overtime pay requirements of Wisconsin law.

32. During the applicable statute of limitations up to and continuing through the present, Defendant had a policy and practice of failing and refusing to pay all overtime wages to Plaintiff and members of the Unpaid Wage Class for those weeks in which they worked in excess of 40 hours by failing to pay wages for the donning and doffing of protective sanitary uniforms required for the performance of work.

33. During the applicable statute of limitations up to and continuing through the present, Defendant had a policy and practice of failing and refusing to pay wages, including overtime wages, to Plaintiff and members of the putative Unpaid Wage Class for hours they worked.

34. As a result of Defendant's willful failure to pay regular and overtime wages earned and due to Plaintiff and members of the putative Unpaid Wage Class, Defendant has violated, and continues to violate, Wis. Stat. §§ 103.03 and 109.03, and Wis. Admin. § DWD 274.03.

35. Plaintiff, on behalf of himself and members of the Unpaid Wage Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

36. Plaintiff, on behalf of himself and members of the putative Unpaid Wage Class, seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03 and 109.03, and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

WHEREFORE, Plaintiff, on behalf of himself and all members of the Collective Class and Unpaid Wage Class, pray for the following relief:

A. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Class as defined above;

B. An order certifying this action as a class action on behalf of the proposed Unpaid Wage Class under Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P. 23(b)(3);

C. An order designating Mark Hoverson as representative of the Unpaid Wage Class;

D. An order designating Hawks Quindel, S.C. as class counsel;

E. An order declaring that Defendant maintains an illegal pay policy and enjoining Defendant from committing future violations of the FLSA and Wisconsin wage and hour laws;

F. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

G. An order finding that Defendant violated the FLSA and Wisconsin wage and hour laws;

H. Judgment against Defendant in the amount equal to Plaintiff's, the Collective Class's, and the Unpaid Wage Class's unpaid back wages at the applicable regular and overtime rates;

I. An award in the amount of all liquidated damages and penalties as provided under Wisconsin law and the FLSA;

J. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

K. Leave to amend the Complaint to add additional claims; and

L. Such further relief as the Court deems just and equitable.

Respectfully submitted this 3rd day of October, 2018.

                    Attorneys for the Plaintiff

                    By: */s/ David C. Zoeller*
                    **HAWKS QUINDEL, S.C.**
                    David C. Zoeller, State Bar No. 1052017
                    Email: dzoeller@hq-law.com
                    Caitlin M. Madden, State Bar No. 1089238
                    Email: cmadden@hq-law.com
                    409 East Main Street
                    Post Office Box 2155
                    Madison, Wisconsin 53701-2155
                    Telephone: (608) 257-0040
                    Fax: (608) 256-0236