IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK HOVERSON, individually and on behalf of all others similarly situated,

                           Plaintiff,

    v.

PAN-O-GOLD BAKING COMPANY,

                           Defendants.

OPINION and ORDER

18-cv-817-jdp

---

Plaintiff Mark Hoverson filed a proposed class action alleging that defendant Pan-O-Gold Baking Company owes its employees unpaid wages for the time they spent donning and doffing sanitary uniforms. Now before the court is Hoverson's unopposed motion for class certification, Dkt. 27, and the parties' joint motion for class certification. Dkt. 31. The court will grant both motions and certify the class.

The parties say that they are negotiating a settlement, and they ask the court to stay notice to the class until they reach a settlement or notify the court that they intend to proceed to trial. The court will defer approval of the class notice and give the parties until August 27, 2019, to submit their proposed class settlement and motion for preliminary approval of the settlement. If the parties are unable to reach a settlement, plaintiff has until August 27, 2019, to submit a motion for approval of the class notice.

ANALYSIS

The parties stipulate to certification, but the court still must determine whether the proposed class meets the requirements for class certification under Rule 23: (1) the scope of the class as to both its members and the asserted claims must be "defined clearly" using

"objective criteria," *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015); (2) the class must be sufficiently numerous, include common questions of law or fact, and be adequately represented by plaintiffs (and counsel) who have claims typical of the class, Fed. R. Civ. P. 23(a); and (3) the class must meet the requirements of at least one of the types of class actions listed in Rule 23(b). In this case, Hoverson asks for certification under Rule 23(b)(3), which applies if "the questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The court concludes that the proposed class meets these requirements.

A. **Class definition**

The parties propose the following class definition: "[a]ll persons who have been or are employed by Pan-O-Gold Baking Co. at its Sun Prairie, Wisconsin facility as FLSA-non-exempt production supervisors, operators, sanitation employees, and/or maintenance employees at any time from October 3, 2016 to the present, and who were required to don and doff protective sanitary uniforms without compensation." Dkt. 31, ¶ 2.

The scope of the definition is clear and its members can be identified using objective criteria, so the parties have satisfied the first requirement for certification.

B. **Rule 23(a) requirements**

1. Numerosity

Rule 23(a)(1) requires that the proposed class be so numerous that joinder is impracticable. There is no explicit cut-off, but the Seventh Circuit has deemed classes of 40 members to be sufficient. *See Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969). Here, Hoverson has identified 244 Pan-O-Gold employees that fall within the

class definition, from employee records produced by Pan-O-Gold. Dkt. 29, ¶ 7. This number is large enough to make joining all potential class members impracticable. The proposed class satisfies the numerosity requirement.

   2. **Commonality**

Under Rule 23(a)(2), a class action must involve "questions of law or fact common to the class" or, more accurately, common answers to those questions. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011). Put differently, a class satisfies the commonality requirement when "determining the truth or falsity of [a] common contention will resolve an issue that is central to the validity of each claim." *Chi. Teachers Union, Local No. 1 v. Bd. of Educ.*, 797 F.3d 426, 434 (7th Cir. 2015).

Here, the parties identify several questions common to the class, including whether Pan-O-Gold maintained a policy of failing to pay wages to employees for time spent donning and doffing. Because all class members were subject to the same policy, the determination of this issue will apply to the entire class. The proposed class satisfies Rule 23(a)(2)'s commonality requirement.

   3. **Typicality**

Under Rule 23(a)(3), a class representative's claims must have "the same essential characteristics" as the class members' claims. *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). Hoverson seeks appointment as the class representative, contending that his claims are based on the same questions of law and fact as the rest of the class. Hoverson is a member of the proposed class; like all other putative class members, he was subject to "Time Clock Procedures" that required him to punch in after donning his uniform and punch out before

3

doffing his uniform, Dkt. 29-5, and he was not paid for time spent donning and doffing. Hoverson satisfies the typicality requirement.

### 4. Adequacy of representation

The question of adequate representation involves two inquiries: (1) whether the class representative's interests are aligned with those of the class; and (2) whether class counsel is capable of litigating the case. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). As a member of the class, Hoverson has no apparent conflicts with the rest of the class; his interest in resolving the matter is the same as the class's interest. He has demonstrated his willingness to prosecute the case by participating in discovery. Hoverson is an adequate representative.

Hoverson's counsel, Caitlin Marie Madden, David C. Zoeller, and Vanessa Ann Kuettel of Hawks Quindel SC, seek appointment as class counsel. They have been appointed as class counsel in many other wage and hour cases, including several cases in this court. Dkt. 29, ¶¶ 4–6. They have significant class action, litigation, and trial experience, with particular expertise in FLSA litigation. The court is satisfied that they will adequately represent the class.

## C. Rule 23(b)(3)

Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The ultimate question in a Rule 23(b)(3) class is whether "judicial economy from consolidation of separate claims outweighs any concern with possible inaccuracies from their being lumped together in a single proceeding for decision by a single judge or jury." *Mejdrech v. Met-Coil Sys. Corp.*, 319 F.3d 910, 911 (7th Cir. 2003).

Usually, when a class of employees are attacking the validity of an employer policy or practice, "the validity of that policy predominates over individual issues and class certification is appropriate." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 556 F. Supp. 2d 941, 961 (W.D. Wis. 2008) (citing *Blihovde v. St. Croix Cty.*, 219 F.R.D. 607, 620 (W.D. Wis. 2003)). In this case, the central issue is whether Pan-O-Gold was required to pay its employees for time spent donning and doffing but failed to do so. This issue can efficiently be resolved on a class-wide basis. If the issue is resolved in the class's favor, Hoverson has retained an expert to determine the average amount of time employees spend donning and doffing. Dkt. 30. This will allow individual damages to be calculated from employee records without extensive litigation. Because proceeding as a class action will be much more efficient than holding 244 separate trials, the proposed class satisfies Rule 23(b)(3).

**D. Conclusion**

Because the parties have shown that the proposed class satisfies all requirements for class certification, the court will certify the class, appoint Hoverson as class representative, and appoint Hoverson's lawyers as class counsel. The court will wait to approve notice to the class until after the parties reach a settlement, or Hoverson moves for issue of notice without a settlement.

ORDER

IT IS ORDERED that:

1. Plaintiff Mark Hoverson's motion for class certification, Dkt. 27, and the parties' joint motion for class certification, Dkt. 31, are GRANTED.

2. The court certifies the following class:

   All persons who have been or are employed by Pan-O-Gold Baking Co. at its Sun Prairie, Wisconsin facility as FLSA-non-exempt production supervisors, operators, sanitation employees, and/or maintenance employees at any time from October 3, 2016, to the present, and who were required to don and doff protective sanitary uniforms without compensation.

3. Mark Hoverson is appointed class representative.

4. Caitlin Marie Madden, David C. Zoeller, and Vanessa Ann Kuettel of Hawks Quindel SC are appointed class counsel.

5. The parties have until August 27, 2019, to either (1) submit their proposed class settlement and motion for preliminary approval of the settlement; or (2) submit a motion for approval of the class notice.

Entered July 30, 2019.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge