## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Agreement, along with all exhibits hereto (collectively, the "Settlement Agreement"), is entered into by and between Pan-O-Gold Baking Company ("Pan-O-Gold" or "Defendant") and Mark Hoverson (the "Class Representative" or the "Plaintiff"), for himself and on behalf of a class and collective class of all similarly-situated employees, in the case of *Hoverson v. Pan-O-Gold Baking Company*, No. 18-cv-817, filed in the United States District Court for the Western District of Wisconsin (the "Lawsuit").

## RECITALS

WHEREAS, Class Representative filed a lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Wisconsin wage payment and overtime laws, Wis. Stats. §§ 103, 104, 109, *et seq.*, as a class and collective action to recover unpaid wages against Defendant on October 3, 2018 (dkt. # 1);

WHEREAS, Defendant filed an Answer denying the material allegations in the Complaint on October 26, 2018 (dkt. # 7);

WHEREAS, Class Representative is represented in the Lawsuit by the law firm of Hawks Quindel, S.C. ("Class Counsel");

WHEREAS, the parties stipulated to conditional certification of the collective class on January 25, 2019 and notice was mailed to the collective class (dkts. ## 12, 13);

WHEREAS, the parties stipulated to class certification pursuant to Fed. R. Civ. P. 23 on July 12, 2019 (dkts. ## 31, 34);

WHEREAS, Defendant has not moved for decertification of the collective class;

WHEREAS, thereafter the parties engaged in arm's-length negotiations and reached a settlement of this matter.

WHEREAS, Defendant denies all of the allegations in the Lawsuit and any and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit, but nonetheless, without admitting or conceding any liability or damages whatsoever, has agreed to settle the Lawsuit on the terms and conditions set forth in this Settlement Agreement to avoid the burden, expense, and uncertainty of continuing the Lawsuit;

WHEREAS, the parties recognize that the outcome in the Lawsuit is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time, and expense;

WHEREAS, Class Representative and his counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit to determine how best to serve the interests of all potential class members, and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefits of settlement, that the settlement as provided in this Settlement Agreement is in the best interest of all, and that the settlement provided in this Settlement Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit; and

WHEREAS, the parties have agreed to settle this case as to the FLSA collective class and the certified Rule 23 class (collectively "class members");

NOW THEREFORE, the parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

## AGREEMENT

1.    **Settlement**.  It is agreed by and among the parties that this action, and any claims, damages, or causes of action arising out of or related to the dispute which is the subject of said

action, be settled and compromised as between the Class Representative, opt-in plaintiffs and participating class members, and Defendant, subject to Court approval and pursuant to the terms and conditions set forth in this Settlement Agreement.

2.    **Settlement Fund**.    Defendant agrees to establish a fund in the amount of $533,269.77 ("Settlement Fund") to resolve the Plaintiff's, opt-in plaintiffs', and participating class members' claims. This Settlement Fund is inclusive of attorneys' fees, costs, liquidated damages, and additional consideration to the Class Representative, such that Defendant's settlement liability, other than the Defendant's share of payroll taxes, shall not exceed $533,269.77. After the FLSA notice had been sent, Defendant hired 38 individuals who were eligible punitive class members. The Settlement Fund includes an additional $8,269.77 in damages to account for these punitive class members.

3.    **Attorneys' Fees and Costs**.    Class Counsel will apply for an award of attorneys' fees, to be approved by the Court, of 29.5% of the Settlement Fund, or $157,500.[1] Defendant does not oppose such application.

4.    **Enhancement Payment**.    The Class Representative will receive an additional $3,000 ("Enhancement Payment") in recognition of his efforts in bringing this claim and the assistance he provided Class Counsel in bringing this matter to resolution. This amount is in addition to any amount allocated to him in section 5 below.

5.    **Allocation to Class**.    The class shall be allocated $533,269.77, less any approved fees and any approved Enhancement Payment to the Class Representative, to be divided between unpaid wages and liquidated damages. All class members shall be allocated settlement funds on a pro-rata basis based on the total value of their individual claim. Initial individual claim values

---

[1] Class Counsel is not seeking attorney's fees on the additional $8,269.77 in damages to account for the claims of the 38 newly hired individuals.

have been calculated for each class member by determining the number of shifts worked by the class member during the class period, calculating eight minutes of unpaid time per shift worked to determine potential unpaid minutes worked per class member, and multiplying the unpaid minutes per class member by the employee's regular rate of pay for hours under 40 a week ("gap time damages") and by one and one-half times their regular rate for hours over 40 a week ("overtime damages").

Gap time damages and overtime damages for participating class members who did not opt in to the FLSA collective class shall be increased by 50% to account for liquidated damages available under Wisconsin law. For participating class members who did opt in to the FLSA collective class, gap time damages shall be increased by 50% to account for liquidated damages available under Wisconsin law and overtime damages shall be increased by 100% to account for liquidated damages available under the FLSA. For participating class members who did opt in to the FLSA collective class, this pro-rata calculation will include damages for the three-year period prior to the date their consent form was filed with the Court to August 31, 2019.

Any amount accepted by any non-excluding class member in this settlement shall represent full payment of any wages, penalties, and liquidated and any other damages that could have been claimed through the Lawsuit.

6.    **Settlement Approval Process**.

a.    The parties will cooperate and take all necessary steps to effectuate judicial approval of this Settlement Agreement.

b.    **Preliminary Approval of Settlement**.  Class Counsel shall present this Settlement Agreement to the Court, along with an unopposed motion requesting that the Court issue a preliminary order approving the settlement, which shall include the following:

i.      Preliminary approval of the settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate;

ii.      Approving the Proposed Notice (or the "Notice") substantially in the form of Exhibit B for distribution to all class members by Plaintiff's counsel;

iii.      A finding that the Proposed Notice to be given constitutes the best notice practicable under the circumstances, including individual notice to all class members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to class members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

iv.      A direction that each potential class member who wishes to be excluded from the settlement class must request exclusion per the instructions set forth in the Proposed Notice, and that their response must be received by the date set forth in the preliminary approval order;

v.      A direction that any class member who has not properly and timely requested exclusion from the settlement class shall be bound in the event the Court issues a final order approving settlement;

vi.      Scheduling of a Fairness Hearing to determine whether this Settlement Agreement should be approved as fair, reasonable, and adequate, and whether the proposed final order approving settlement should be entered;

vii.      A direction that Class Counsel shall file a petition for approval of attorneys' fees and costs at least 14 days prior to the Fairness Hearing, and a direction that any supplemental brief in support of final approval of the Settlement Agreement or in response to any objections to the application for attorneys' fees

be filed at least 7 days before the Fairness Hearing, and that the Court shall determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel;

      viii.    A direction that any class member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Proposed Notice no later than 45 days after the mailing of the Notice (the "Notice Period"), together with copies of all papers in support of his or her position. The Notice shall state that the Court will not consider objections of any class member who has not properly served copies of his or her objections on a timely basis.

      c.    **Objection to Settlement**. Any class member who intends to object to the fairness of the Settlement Agreement must, by the date specified in the preliminary order approving settlement (which shall be 45 days after the mailing of the Notice), which shall be no less than 15 business days before the Fairness Hearing, file any such objection with the Court and provide copies of the objection to: Caitlin Madden, Hawks Quindel, S.C., Post Office Box 2155, Madison, Wisconsin 53701-2155, and to Christopher Nickels, Quarles & Brady, LLP, 411 East Wisconsin Avenue, Suite 2350, Milwaukee, Wisconsin 53202-4426.

Any objection to the Settlement Agreement must include: (i) the objector's full name, address, and telephone number; (ii) a written statement of all grounds for the objection accompanied by any legal support for such objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a list of all persons who will be called to testify in support of the objection; and (v) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel,

the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any class member who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

        d.    **Request for Exclusion**. Any class member who wishes to be excluded from the settlement class must submit a request for exclusion no later than 45 days after the mailing of the Notice. Any class member who fails to submit a timely request to be excluded shall be subject to and bound by this Settlement Agreement and every order or judgment entered pursuant to this Settlement Agreement. Amounts allocated to excluding class members shall revert to Defendant. However, if the reverting amount exceeds 20% of the funds allocated to the class, prior to the Fairness Hearing, Plaintiff may move the Court to invalidate the settlement. However, Plaintiff will confer in good faith with Defendant prior to moving the Court.

        e.    **Fairness Hearing**. On the date set forth in the preliminary approval order, a Fairness Hearing will be held at which the Court will: (i) decide whether to approve the Settlement Agreement as fair, reasonable, and adequate; and (ii) decide any petitions for attorneys' fees and costs.

If this Settlement Agreement is finally approved by the Court, a final order approving settlement and directing the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) shall be entered as follows:

        i.    Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the class;

        ii.        Declaring the Settlement Agreement to be binding on Defendant and the Class Representative as well as all of the class members who have not been excluded;

        iii.        Dismissing with prejudice the released claims;

        iv.        Dismissing without prejudice the claims of class members who have properly and timely excluded themselves in full accordance with the procedures set forth in this Settlement Agreement;

        v.        Dismissing with prejudice the Class Representative's claims under the FLSA and Wisconsin law and those other claims outlined in this Settlement Agreement;

        vi.        Forever discharging Defendant from all released claims; and

        vii.        Indicating the amount of attorneys' fees and expenses to be awarded to Class Counsel.

7.        **Settlement Administration**. If the Court grants approval of this Settlement Agreement, Class Counsel shall serve as the Administrator and shall be responsible for administering the Settlement, sending the Notice, calculating the Plaintiff's and each class members' portion of the Settlement Fund, and distributing payments from the Settlement Fund to the Plaintiff and other class members, aside from W-2 payments which shall be issued by Defendant. Fees and expenses of the settlement administration shall be paid by Plaintiff's counsel. The parties agree to the following procedure for settlement administration:

        a.        **Initial Settlement Calculations.** Initial individual settlement allocations have been calculated, pursuant to the procedure described in section 5, in the amounts set forth in Exhibit A. The amounts allocated to each class member in Exhibit A shall be attributed to 1099

and W-2 income based on the amounts allocated for each category of the corresponding alleged damages, as detailed in section 9.d.

b.    **Issuance of Notice.** Within 14 days of the Court's order granting preliminary approval of the settlement, Plaintiff's counsel will mail the Notice to the class members and opt-in plaintiffs in a form substantially similar to that which is attached hereto and made a part of this Settlement Agreement as Exhibit B. The Notice shall inform class members of their right to exclude themselves from the settlement and/or object to the settlement, and the approximate amount they are entitled to receive if they choose to participate in the settlement. If any Notices are returned by the postal service as undeliverable, Defendant's counsel agrees, at Plaintiff's counsel's request, to provide Plaintiff's counsel with that individual's Social Security number, which will be maintained as confidential and destroyed upon conclusion of this settlement process, and Plaintiff's counsel agrees to make its best efforts in locating the individual, including running a skip trace on the individual. The Notices will be promptly re-mailed to the updated address.

c.    **Final Settlement Amounts.** Upon the end of the Notice Period, the final settlement amounts shall be calculated using the procedure set forth in section 5, removing any class members who have filed timely requests for exclusion or who have withdrawn their consent forms, correcting any errors or omissions, and proportionally reallocating their initial settlement amounts to the participating class members.

8.    **Release.**

a.    Upon the Court entering a final order approving settlement, the Class Representative and class members who do not exclude themselves from the settlement and who had previously opted in to the FLSA collective class by returning a timely executed consent

form, and have not withdrawn that consent, shall be deemed to have released any and all claims under the FLSA, 29 U.S.C. § 201, *et seq.*, and Wisconsin wage payment and overtime laws, Wis. Stats. §§ 103, 104, 109, *et seq.*, that were raised or could have been raised from three years prior to the filing of their consent form to August 31, 2019.

        b.    As to those individuals who do not exclude themselves from the settlement and who did not return a timely executed consent form to join the FLSA collective class, they shall be deemed to have released any and all claims under Wisconsin wage payment and overtime laws, Wis. Stats. §§ 103, 104, 109, *et seq.*, against Defendant that were raised or could have been raised between October 3, 2016 and August 31, 2019.

        9.    **Settlement Payments**.

        a.    **Funding of the Settlement and Payment of Attorneys' Fees.**  If no objections to the settlement are filed, within 10 days of the Court entering its order finally approving the Settlement Agreement, Plaintiff shall provide to Defendant the final settlement allocations, accounting for any amounts not approved for attorneys' fees, costs, class members filing timely exclusions, or the Class Representative's Enhancement Payment. Within 40 days of issuance of the final settlement allocations, Defendant shall provide Class Counsel the total amount of the Settlement Fund. Specifically, Defendant shall provide Class Counsel separate checks for the Class Representative and class members who do not exclude themselves from the settlement (one check to each individual containing his or her allocated portion of the Settlement Fund designated as 1099 income and one check containing his or her allocated portion of the Settlement Fund designated as W-2 wages). Defendant shall also provide Class Counsel a separate check for the portion of the Settlement Fund attributable to attorneys' fees. Defendant

will issue Class Counsel one or more IRS Forms 1099 for the attorneys' fees and costs paid consistent with apportionment provided by Class Counsel.

If objections to the settlement are filed but the settlement is approved and no appeals are filed, then Defendant shall transfer the total amount of the Settlement Fund 40 days after the Court enters the final order approving settlement. If an appeal is filed, no payments shall be issued until and unless the settlement is upheld on appeal or the objection is otherwise resolved. If an appeal is filed and the settlement is upheld or the objection is otherwise resolved, Defendant shall transfer the total amount of the Settlement Fund, as described above, to Class Counsel within 10 days after the resolution.

b.     **Settlement Checks.**  Upon the Court entering a final order approving settlement and as otherwise provided in subparagraph a. above, Class Counsel shall send Class Representative and class members who do not exclude themselves from the settlement two settlement checks, one containing their allocated portion of the Settlement Fund designated as 1099 income and one containing their allocated portion of the Settlement Fund designated as W-2 wages. Class Counsel shall mail payments no later than 14 days from receiving the checks per subparagraph a. above.

c.     **Reissuing of Payments**.  If any settlement checks are returned as undeliverable within 120 days of issuance, Class Counsel shall promptly attempt to locate the person. Defendant agrees to provide Class Counsel with Social Security numbers for those individuals whose settlement checks are returned, consistent with the process for retention and destruction of Social Security numbers set forth in section 7.b. of this agreement. Upon request by a participating class member, Class Counsel and Defendant will promptly reissue checks that were mailed but not cashed by the participating class member during the 120-day time period;

however, Class Counsel and Defendant may deduct from the individual's settlement amount any cost associated with canceling a previously-issued settlement check. Any settlement check that remains undeliverable or is not cashed after 120 days following its issuance shall be cancelled and voided. Class Counsel and Defendant will not reissue checks after the 120-day time period. Any settlement check that remains undeliverable or is not cashed after 120 days following its issuance, and following its cancellation and voiding and deduction for any cost related to the same, shall be paid to a *cy pres* fund for the benefit of United Way of Dane County, Post Office Box 7548, Madison, Wisconsin.

   d. **Tax Treatment**. For tax purposes, each participating class member's settlement share, as set forth in Exhibit A, constitutes a combination of allegedly unpaid wages as well as liquidated damages.

     i. The payment of the alleged unpaid wages shall be deemed payment of the alleged unpaid wages and subject to all legally required garnishments, liens, wage withholding orders, regular withholdings, and similar obligations, and reported on an IRS Form W-2 to be issued by Defendant. For the Class Representative and all class members who have opted in to the FLSA collective class, one-half of their overtime damages and two-thirds of their gap time damages calculated as described in paragraph 5 shall be deemed wages reported on an IRS Form W-2. For individuals who did not opt in to the FLSA collective class, two-thirds of their total damages calculated as described in paragraph 5 shall be deemed wages reported on an IRS Form W-2.

     ii. The remaining amount of each class members' damages, less those allocated as "wages" in accordance with paragraph 9.d.i, shall be for alleged

interest and liquidated penalty claims not subject to payroll withholdings, and shall be reported on an IRS Form 1099 to be issued by Defendant.

iii.    The Class Representative's Enhancement Payment shall be reported on an IRS Form 1099.

iv.    The amounts payable under this settlement shall not be taken into account for purposes of determining any class members benefits or liabilities under Defendant's qualified or nonqualified benefits plans, including any retirement or pension plans in which class members participate.

v.    Attorneys' fees and costs paid pursuant to section 6 shall be paid without withholding and shall be reported to the IRS and Class Counsel under Class Counsel's name and taxpayer identification number, which Class Counsel shall provide for this purpose through an executed IRS Form W-9, on an IRS Form 1099.

vi.    Defendant will bear the employer's share of payroll taxes separately from the Settlement Fund.

10.    **No Admission of Liability**.    By entering into this Settlement Agreement, Defendant admits no liability of any kind, and Defendant expressly denies any liability or wrongdoing. Accordingly, the parties agree that none of them has prevailed nor shall this Settlement Agreement be construed as evidence that any party has prevailed in this matter. This Settlement Agreement shall not be admissible in any court or other proceeding except as necessary in connection with a claim of breach of this Settlement Agreement or an effort to enforce this Settlement Agreement.

11.     **Choice of Law**.   The enforcement of this Settlement Agreement shall be governed and interpreted by and under the laws of the State of Wisconsin whether or not any party is or may hereafter be a resident of another state.

12.     **Extension of Time**.  The parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court, subject to Court approval as to Court dates.

13.     **No Waivers, Modifications, Amendments**.   This Settlement Agreement constitutes the entire agreement of the parties concerning the subjects contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this Settlement Agreement. No waiver, modification, or amendment of the terms of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Settlement Agreement, shall be valid or binding unless in writing, signed by or on behalf of all parties, and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of the other provisions of this Settlement Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

14.     **Court Retains Jurisdiction to Enforce Agreement**.  The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, to the extent permitted by law, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement

Agreement. Any action to enforce this Settlement Agreement shall be commenced and maintained only in this Court.

      15.    **Agreement to Cooperate/Severability**.  The parties acknowledge that it is their intent to consummate this settlement, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. The provisions of this Settlement Agreement shall be deemed severable, and the invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of any of the other provisions.

      16.    **Counterparts**.   This Settlement Agreement shall become effective upon its execution, subject to subsequent Court approval. The parties may execute this Settlement Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Class Representative and Defendant had signed the same instrument. Any signature made and transmitted by facsimile or electronically for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement and shall be binding upon the signing party.

      17.    **Corporate Signatories**. Each party executing this Settlement Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so. Any person executing this Settlement Agreement or any such related documents on behalf of a corporate signatory hereby warrants and promises for the benefit of all parties hereto that such person is duly authorized by such corporation to execute this Settlement Agreement or any such related documents.

18.    **Captions**. The captions or headings of the paragraphs in this Settlement Agreement are inserted for convenience or reference only and shall have no effect upon the construction or interpretation of any part of this Settlement Agreement.


Date: _____    By: _____

Printed Name: Mark Hoverson_____

Title:  Class Representative_____


Date: _____    By: _____

Printed Name: _____

Title: _____

On Behalf of Pan-O-Gold Baking Company


**REVIEWED AND APPROVED AS TO FORM:**

**HAWKS QUINDEL, S.C.**


By: _____

Printed Name:  David C. Zoeller_____

Title:  Class Counsel_____

**QUARLES & BRADY LLP**


By: _____

Printed Name:  Christopher Nickels_____

Title:  Attorneys for Defendant_____